UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:09-CV-174-F

MARY LOUISE KOLODZIEJCZYK, )
by and through her General Guardian, )
SHEILA DEL GUERCIO, )
          Plaintiff, )
)
vs. ) ORDER
)
UNITED STATES OF AMERICA, )
          Defendant. )

This Federal Tort Claims Act (the "FTCA") action arises out of an accident where Plaintiff, Mary Louise Kolodziejczyk, was struck by a vehicle driven by Richard Brewington in the course of his employment with the United States Postal Service ("USPS"). Plaintiff now seeks to hold the Government liable for her injuries. The Government contends that any action by Plaintiff is now barred because Plaintiff signed a release with Brewington.

This matter is now before the court on the Government's motion for summary judgment. The motion has been fully briefed and is now ripe for disposition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 17, 2008, Brewington delivered mail to the Bloomingdale Apartments near Newton Grove, North Carolina, where Plaintiff lived. After Brewington delivered the mail to the mailboxes, he drove away, but then stopped, backed up, and struck Plaintiff, who was at the time 89 years old. Plaintiff alleges she suffered severe injuries from the accident.

On February 20, 2009, in exchange for the payment of $50,000.00 by Brewington's automobile insurer, Horace Mann Insurance Company, Plaintiff, via her general guardian,

executed a document entitled "Release of All Claims" by which Plaintiff agreed to "release, acquit, and forever discharge Amy and Richard Brewington and Horace Mann Insurance Company" from liability arising out of the collision. The release does not explicitly reserve claims against any other parties, nor does the document purport to release any other party.

On March 16, 2009, Plaintiff filed an administrative claim under the FTCA with and against the USPS alleging, *inter alia*, injuries and damages in the amount of $327,312.00 suffered due to the negligence of Brewington. On Octobet 7, 2009, the USPS issued a final denial of Plaintiff's claim. Plaintiff, on October 30, 2009, filed the Complaint in this action with this court. The Government now moves for summary judgment, contending that Plaintiff's release of Brewington also serves as a release of the Government.

## II. DISCUSSION

The only issue presented by the instant motion is whether the release with Brewington also serves as a release of her claims against the Government. For the reasons that follow, the court concludes that it does not, and summary judgment is not appropriate.

### A. Standard of Review

Summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the initial burden of coming forward and demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party then must come forward and demonstrate that such a fact issue does indeed exist. *See Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary

2

judgment is appropriate against a party who fails to make a showing sufficient to establish any one of the essential elements of the party's claim on which he will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322-23.

**B. Analysis**

Under the FTCA, federal courts have exclusive jurisdiction over civil claims against the United States

> for money damages ... for injury ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b). Furthermore, "[t]he United States shall be liable ... in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. The FTCA, as amended by the Federal Employee Liability Reform and Tort Compensation Act ("FELRTCA") 28 U.S.C. §§ 2671-2680, also "immunizes a federal employee from liability for 'negligent or wrongful act[s] or omission[s] ... while acting within the scope of his office or employment.'" *Maron v. United States*, 126 F.3d 317, 321 (4th Cir. 1997)(quoting 28 U.S.C. § 2679).

Generally, state law governs actions under the FTCA, and accordingly, both parties spend much time discussing the import of North Carolina law on the issue of whether Plaintiff's release of Brewington serves also as a release of the Government. This court, however, believes *Garrett v. Jeffcoat*, 483 F.2d 590 (4th Cir. 1973), controls the resolution of the issue presented by the motion for summary judgment. In *Garrett*, the plaintiff filed an administrative claim with the Department of Agriculture under the FTCA for injuries resulting from an accident in South

3

Carolina. Subsequently, the plaintiff executed a release against both the employee and his insurance carrier, and filed a complaint against the Government in federal court. *Id.* The district court dismissed the complaint, on the basis that under South Carolina law, a release of an employee operated as a release of his employer. *Id.* The Fourth Circuit agreed that South Carolina law supported the dismissal of the complaint, *if* South Carolina law was determined to be conclusive on the issue. *Id.* The Fourth Circuit, however, recognized that the immunity provision in the FTCA changed the matter. *Id.* at 593.

Specifically, the Fourth Circuit recognized that the immunity provision in the FTCA makes "the United States *solely* liable for the negligent acts of its servants while operating motor vehicles within the scope of their employment and that there is no cause of action against the employee itself." *Id.* (emphasis in original). Accordingly, the Fourth Circuit concluded that "the law of South Carolina on the effect to be accorded the release must yield to the clear import of the Federal legislation" and that "the release of the servant from 'liability' for a negligent act has no effect whatever on the liability of the United States." *Id.* In other words, South Carolina law regarding the effect of an employee's release on the liability of his employer was not only not conclusive, but indeed was irrelevant. A plaintiff's release of a government employee from liability "has *no effect whatever on the liability of the United States.*" *Id.* (emphasis added).

The Government attempts to distinguish the facts of *Garrett* from this case, noting that in *Garrett*, the plaintiff's release included an express reservation of the right to proceed against the Government. Unfortunately for the Government, the *Garrett* opinion does not rest its conclusion that "the release of the servant from 'liability' for a negligent act has no effect whatever on the liability of the United States" upon the existence of the reservation of the rights. If it did, surely

4

the *Garrett* court would have stated "where the release of the servant from 'liability' for a negligent act *includes a reservation of rights to proceed against the United States*, the release has no effect whatever on the liability of the United States." Nor can this court read such a holding implicitly into the *Garrett* opinion.

Accordingly, Plaintiff's release of Brewington, his wife, and his insurance carrier "has no effect whatever on the liability of the United States." *Garrett*, 483 F.2d at 593. *See also Kee v. United States*, 168 F.3d 1133 (9th Cir. 1999). The Government's additional arguments in support of the dismissal of this action are without merit.[1]

### III. CONCLUSION

For the foregoing reasons, the Government's Motion for Summary Judgment [DE-20] is DENIED. The Clerk of Court is DIRECTED to continue the management of this case.

SO ORDERED.

This the 20th day of May, 2010.

JAMES C. FOX
Senior United States District Judge

---

[1] Under the FTCA, the appropriate measure of damages must be determined by reference to the law of the state where the tort occurred. 28 U.S.C. § 1346(b); *Forcht v. United States*, 247 F.Supp. 1115 (D.S.C. 1997)(citing *Richards v. United States*, 369 U.S. 1 (1962)). Under North Carolina law, a release against one tortfeasor "reduces the claim against the others to the extent of any amount stipulated by the release or covenant, or in the amount of the consideration paid for it, which is greater." N.C. Gen. Stat. § 1B-4. Consequently, it appears that any damages awarded to Plaintiff should be reduced by the amount she received in consideration of her release of Brewington. The parties, however, have not raised this issue, nor have the parties had an opportunity to brief the issue. The court, therefore, refrains from ruling on it.